IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTERCEPT PHARMACEUTICALS, INC. and INTERCEPT PHARMA EUROPE LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>AMNEAL PHARMACEUTICALS LLC, AMNEAL PHARMACEUTICALS PVT. LTD., AMNEAL PHARMACEUTICALS COMPANY GMBH, AMNEAL EU, LIMITED and AMNEAL PHARMACEUTICALS OF NEW YORK, LLC,<br><br>Defendants. | ) | C.A. No. ____________________ |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Intercept Pharmaceuticals, Inc. ("Intercept Pharmaceuticals") and Intercept Pharma Europe Limited ("IPEL") (collectively "Intercept" or "Plaintiffs"), by their undersigned attorneys, bring this action against Defendants Amneal Pharmaceuticals LLC, Amneal Pharmaceuticals Pvt. Ltd., Amneal Pharmaceuticals Company GmbH, Amneal EU, Limited, and Amneal Pharmaceuticals of New York, LLC (collectively, Defendants or "Amneal"), and hereby allege as follows:

**NATURE OF THE ACTION**

1. This action for patent infringement, brought pursuant to the patent laws of the United States, 35 U.S.C. § 1, *et seq*., and in particular under 35 U.S.C. § 271, arises from Defendants' submission of Abbreviated New Drug Application ("ANDA") No. 214810 to the United States Food and Drug Administration ("FDA"). Through this ANDA, Defendants seek approval to market a generic version of the pharmaceutical product OCALIVA® (obeticholic acid,

5 and 10 mg) prior to the expiration of U.S. Patent Nos. 9,238,673 (filed June 17, 2013) ("the '673 patent"); 10,047,117 (filed Nov. 20, 2015) ("the '117 patent"); 10,052,337 (filed Apr. 26, 2016) ("the '337 patent"); and 10,174,073 (filed Apr. 25, 2017) ("the '073 patent") (collectively the "patents-in-suit"). Plaintiffs seek injunctive relief prohibiting infringement, attorneys' fees, and any other relief the Court deems just and proper.

2. This is also an action under 28 U.S.C. §§ 2201–02 for a declaratory judgment of patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and in particular under 35 U.S.C. § 271.

## THE PARTIES

3. Plaintiff Intercept Pharmaceuticals is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 10 Hudson Yards, 37th Floor, New York, New York 10001.

4. Plaintiff IPEL is a limited corporation organized under the laws of the United Kingdom, having a principal place of business at One Glass Wharf, Bristol, BS2 0ZX United Kingdom.

5. On information and belief, defendant Amneal Pharmaceuticals LLC is a limited liability company organized and existing under the laws of Delaware, having its principal place of business at 400 Crossing Boulevard, Third Floor, Bridgewater, New Jersey 08807.

6. On information and belief, defendant Amneal Pharmaceuticals Pvt. Ltd. is a corporation organized and existing under the laws of the Republic of India, having its principal place of business at 882/1-871, Village: Rajoda, Near Hotel Kankavati, Taluka: Bavla, District: Ahmedabad-382220, Gujarut, India. On information and belief, Amneal Pharmaceuticals Pvt. Ltd. is an indirect wholly owned subsidiary of Amneal Pharmaceuticals LLC.

7. On information and belief, defendant Amneal Pharmaceuticals Company GmbH is a corporation organized and existing under the laws of Switzerland, having its principal place of business at Turnstasse 30, 6312 Steinhausen, Switzerland. On information and belief, Amneal Pharmaceuticals Company GmbH is an indirect wholly owned subsidiary of Amneal Pharmaceuticals LLC.

8. On information and belief, defendant Amneal EU, Limited is a corporation organized and existing under the laws of Ireland, having its principal place of business at 70 Sir John Rogerson's Quay, D02 R296 Dublin, Ireland. On information and belief, Amneal EU, Limited is a wholly owned subsidiary of Amneal Pharmaceuticals Company GmbH.

9. On information and belief, defendant Amneal Pharmaceuticals of New York, LLC is a limited liability company organized and existing under the laws of Delaware, having its principal place of business at 50 Horseblock Road, Brookhaven, New York 11719. On information and belief, Amneal Pharmaceuticals of New York, LLC is a wholly owned subsidiary of Amneal Pharmaceuticals LLC. On further information and belief, Amneal Pharmaceuticals of New York, LLC is the U.S. agent for Amneal EU, Limited.

10. On information and belief, Amneal Pharmaceuticals Pvt. Ltd., Amneal Pharmaceuticals Company GmbH, Amneal EU, Limited, and Amneal Pharmaceuticals of New York, LLC act at the direction and for the benefit of Amneal Pharmaceuticals LLC, and are controlled and/or dominated by Amneal Pharmaceuticals LLC.

11. On further information and belief, Amneal Pharmaceuticals LLC, Amneal Pharmaceuticals Pvt. Ltd., Amneal Pharmaceuticals Company GmbH, Amneal EU, Limited, and Amneal Pharmaceuticals of New York, LLC collaborate with respect to the development, regulatory approval, marketing, sale, and/or distribution of pharmaceutical products. On further

information and belief, Defendants are agents of each other and/or operate in concert as integrated parts of the same business group, and enter into agreements with each other that are nearer than arm's length.

12. On information and belief, Defendants prepared and submitted ANDA No. 214810 (the "Amneal ANDA") and continue to seek FDA approval of that application.

13. On information and belief, Defendants intend to commercially manufacture, market, offer for sale, and sell the products described in the Amneal ANDA (the "Amneal ANDA Products" or "ANDA Products") throughout the United States, including in the State of Delaware, in the event the FDA approves the Amneal ANDA.

## JURISDICTION AND VENUE

14. This civil action for patent infringement arises under the patent laws of the United States, including 35 U.S.C. § 271, and alleges infringement of the patents-in-suit. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, and 2201–02.

15. This Court has personal jurisdiction over Defendants because, on information and belief, Defendants, *inter alia*, have continuous and systematic contacts with Delaware, regularly conduct business in Delaware, either directly or through one or more of their wholly owned subsidiaries, agents, and/or alter egos, have purposefully availed themselves of the privilege of doing business in Delaware, and intend to sell the Amneal ANDA Products in Delaware upon approval of the Amneal ANDA.

16. On information and belief, Defendants are in the business of manufacturing, marketing, importing, distributing, and selling pharmaceutical drug products, including generic drug products, either directly or through subsidiaries, agents, and/or alter egos, which Defendants manufacture, distribute, market and/or sell throughout the United States and in this judicial district.

17. Amneal Pharmaceuticals LLC is a limited liability company organized and existing under the laws of the State of Delaware.

18. Amneal Pharmaceuticals of New York, LLC is a limited liability company organized and existing under the laws of the State of Delaware.

19. On information and belief, Defendants are licensed to sell generic and proprietary pharmaceutical products in Delaware, either directly or through one or more of their wholly owned subsidiaries, agents, and/or alter egos.

20. On information and belief, Amneal Pharmaceuticals LLC and Amneal Pharmaceuticals of New York, LLC each hold a current and valid "Pharmacy-Wholesale" License in Delaware.

21. Defendants have committed, or aided, abetted, contributed to, and/or participated in the commission of, acts of infringement of the asserted patents that will lead to foreseeable harm and injury to Plaintiffs. On information and belief, and as indicated by a letter dated July 17, 2020 sent by Amneal Pharmaceuticals of New York, LLC to Intercept Pharmaceuticals pursuant to 21 U.S.C. § 355(j)(2)(b), Defendants prepared and filed the Amneal ANDA with the intention of seeking to market the Amneal ANDA Products nationwide, including within this judicial district.

22. On information and belief, Defendants plan to sell the Amneal ANDA Products in Delaware, list the Amneal ANDA Products on Delaware's prescription drug formulary, and seek Medicaid reimbursements for sales of the Amneal ANDA Products in the State of Delaware, either directly or through one or more of their wholly owned subsidiaries, agents, and/or alter egos.

23. On information and belief, Defendants know and intend that the Amneal ANDA Products will be distributed and sold in Delaware and will thereby displace sales of OCALIVA®,

causing injury to Plaintiffs. Defendants intend to take advantage of their established channels of distribution in Delaware for the sale of the Amneal ANDA Products.

24. Defendants have engaged in patent litigation concerning FDA-approved drug products in this judicial district and have not contested personal jurisdiction or venue in this judicial district in such litigation. *See, e.g.*, *Otsuka Pharmaceutical Co., Ltd. et al. v. Amneal Pharmaceuticals LLC et al.*, No. 19-1952 (LPS) (D. Del. Mar. 16, 2020); *Par Pharmaceuticals, Inc. et al. v. Amneal Pharmaceuticals Company GmbH et al.*, No. 19-712 (CFC) (D. Del. June 12, 2019); *Silvergate Pharmaceuticals, Inc. v. Amneal Pharmaceuticals LLC*, No. 19-678 (LPS) (D. Del. May 15, 2019); *Genentech, Inc. et al. v. Amneal Pharmaceuticals LLC et al.*, No. 19-190 (RGA) (D. Del. Mar. 22, 2019); *Biogen International GmbH et al. v. Amneal Pharmaceuticals LLC et al.*, No. 17-823 (MN) (D. Del. July 18, 2017).

25. Additionally, this Court has personal jurisdiction over Amneal Pharmaceuticals Pvt. Ltd., Amneal Pharmaceuticals Company GmbH, and Amneal EU, Limited because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met as (a) Intercept's claims arise under federal law; (b) Amneal Pharmaceuticals Pvt. Ltd., Amneal Pharmaceuticals Company GmbH, and Amneal EU, Limited are foreign defendants not subject to general personal jurisdiction in the courts of any state; and (c) Amneal Pharmaceuticals Pvt. Ltd., Amneal Pharmaceuticals Company GmbH, and Amneal EU, Limited have sufficient contacts in the United States as a whole, including, but not limited to, participating in the preparation and submission of the Amneal ANDA and/or manufacturing and/or selling pharmaceutical products distributed throughout the United States, including in this judicial district, such that this Court's exercise of jurisdiction over Amneal Pharmaceuticals Pvt. Ltd., Amneal Pharmaceuticals Company GmbH, and Amneal EU, Limited satisfies due process.

26. Venue is proper in this district for Amneal Pharmaceuticals Pvt. Ltd. pursuant to 28 U.S.C. § 1391(c)(3) because, *inter alia*, Amneal Pharmaceuticals Pvt. Ltd. is a corporation organized and existing under the laws of Republic of India and may be sued in any judicial district.

27. Venue is proper in this district for Amneal Pharmaceuticals Company GmbH pursuant to 28 U.S.C. § 1391(c)(3) because, *inter alia*, Amneal Pharmaceuticals Company GmbH is a corporation organized and existing under the laws of Switzerland and may be sued in any judicial district.

28. Venue is proper in this district for Amneal EU, Limited pursuant to 28 U.S.C. § 1391(c)(3) because, *inter alia*, Amneal EU, Limited is a corporation organized and existing under the laws of Ireland and may be sued in any judicial district.

29. Venue is proper in this district for Amneal Pharmaceuticals LLC pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Amneal Pharmaceuticals LLC is a limited liability company organized and existing under the laws of the State of Delaware and is subject to personal jurisdiction in this judicial district.

30. Venue is proper in this district for Amneal Pharmaceuticals of New York, LLC pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Amneal Pharmaceuticals of New York, LLC is a limited liability company organized and existing under the laws of the State of Delaware and is subject to personal jurisdiction in this judicial district.

**INTERCEPT'S APPROVED OCALIVA® DRUG PRODUCT AND PATENTS**

31. Intercept makes and sells OCALIVA®, a product used in the treatment of primary biliary cholangitis (PBC) in combination with ursodeoxycholic acid (UDCA) in adults with an inadequate response to UDCA, or as monotherapy in adults unable to tolerate UDCA. The active ingredient in OCALIVA® is obeticholic acid. OCALIVA® is available in two strengths, 5 mg and 10 mg. A true and correct copy of the prescribing label for OCALIVA® is attached as Exhibit A.

32. Intercept Pharmaceuticals is the holder of New Drug Application ("NDA") No. 207999 for OCALIVA® and the owner of the patents-in-suit. The FDA approved NDA No. 207999 for OCALIVA® on May 27, 2016, and granted OCALIVA® five years of regulatory exclusivity for a new chemical entity pursuant to 21 C.F.R. § 314.108, which expires on May 27, 2021. The FDA also granted OCALIVA® orphan drug exclusivity pursuant to 21 C.F.R. § 316.31, which expires on May 27, 2023.

33. IPEL is the exclusive licensee of the patents-in-suit, which are listed in the Approved Drug Products With Therapeutic Equivalence Evaluations (an FDA publication commonly known as the "Orange Book") for OCALIVA®.

34. The '673 Patent entitled, "Preparations and Uses of Obeticholic Acid," was duly and lawfully issued by the USPTO on January 19, 2016. A true and correct copy of the '673 Patent is attached as Exhibit B.

35. The '117 Patent entitled, "Preparations and Uses of Obeticholic Acid," was duly and lawfully issued by the USPTO on August 14, 2018. A true and correct copy of the '117 Patent is attached as Exhibit C.

36. The '337 Patent entitled, "Compositions of Obeticholic Acid and Methods of Use," was duly and lawfully issued by the USPTO on August 21, 2018. A true and correct copy of the '337 Patent is attached as Exhibit D.

37. The '073 Patent entitled, "Preparations and Uses of Obeticholic Acid," was duly and lawfully issued by the USPTO on January 8, 2019. A true and correct copy of the '073 Patent is attached as Exhibit E.

**AMNEAL'S ANDA**

38. On information and belief, Amneal has submitted or caused to be submitted ANDA No. 214810 to the FDA under 21 U.S.C. § 355(j), in order to obtain approval to engage in the

commercial manufacture, use, or sale of obeticholic acid tablets, as a purported generic version of OCALIVA®, prior to the expiration of the patents-in-suit.

39. On information and belief, on or about July 17, 2020, Amneal Pharmaceuticals of New York, LLC mailed a letter to Intercept Pharmaceuticals regarding "Notice of Paragraph IV Certification of U.S. Patent Nos. 9,238,673; 10,047,117; 10,052,337; and 10,174,073 Concerning ANDA No. 214810 for Obeticholic Acid tablets, 5 mg and 10 mg" (the "Notice Letter"). The Notice Letter represented that Amneal had submitted to the FDA the Amneal ANDA and a purported Paragraph IV certification to obtain approval to engage in the commercial manufacture, use, or sale of the product described in the Amneal ANDA before the expiration of patents listed in the Orange Book for OCALIVA®. Hence, Amneal's purpose in submitting the Amneal ANDA is to manufacture and market the ANDA Products before the expiration of the patents-in-suit.

40. Amneal's Notice Letter stated that the Paragraph IV certification in the Amneal ANDA alleges that the '673, '117, '337, and '073 Patents are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of the ANDA Products.

41. Amneal's Notice Letter contained a purported detailed statement of the factual and legal basis for its Paragraph IV certification ("Detailed Statement").

42. On information and belief, Defendants have participated in the preparation and submission of the Amneal ANDA, have provided material support to the preparation and submission of the Amneal ANDA, and intend to support the further prosecution of the Amneal ANDA.

43. On information and belief, if the FDA approves the Amneal ANDA, Defendants will manufacture, offer for sale, or sell the ANDA Products within the United States, including within Delaware, or will import the ANDA Products into the United States, including Delaware.

44. Alternatively, on information and belief, if the FDA approves the Amneal ANDA, Defendants will actively induce or contribute to the manufacture, use, offer for sale, or sale of the ANDA Products.

45. This action is being filed within forty-five days of Intercept Pharmaceuticals' receipt of the Notice Letter.

**COUNT I**
**INFRINGEMENT OF THE '673 PATENT**

46. Plaintiffs incorporate by reference paragraphs 1–45 as if fully set forth herein.

47. On information and belief, Defendants have submitted or caused the submission of the Amneal ANDA to the FDA and continue to seek FDA approval of the Amneal ANDA.

48. Defendants have infringed the '673 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Amneal ANDA with a Paragraph IV certification and seeking FDA approval of the Amneal ANDA prior to the expiration of the '673 Patent.

49. On information and belief, if the Amneal ANDA is approved, Defendants and their affiliates will make, offer for sale, sell, or otherwise distribute the ANDA Products in the United States, directly infringing the '673 Patent.

50. On information and belief, upon FDA approval of the Amneal ANDA, Defendants will market and distribute the Amneal ANDA Products to resellers, pharmacies, health care professionals, and end users of the Amneal ANDA Products. Accompanying the Amneal ANDA Products, Defendants will also knowingly and intentionally include a product label and insert containing instructions for administering the Amneal ANDA Products. Accordingly, Defendants will induce physicians and other health care professionals, resellers, pharmacies, and end users of the Amneal ANDA Products to directly infringe one or more claims of the '673 Patent. In addition,

on information and belief, Defendants will encourage acts of direct infringement with knowledge of the ’673 Patent and knowledge that they are encouraging infringement.

51. Defendants’ commercial manufacture, use, offer for sale, sale, or importation into the United States of the ANDA Products would actively induce and/or contribute to infringement of the ’673 Patent. Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 214810, Defendants will make, use, offer to sell, or sell the ANDA Products within the United States, or will import the ANDA Products into the United States, and will thereby contribute to the infringement of and/or induce the infringement of one or more claims of the ’673 Patent.

52. Defendants had actual knowledge of the ’673 Patent prior to filing the Amneal ANDA. Defendants filed the Amneal ANDA without a reasonable basis for asserting the ’673 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the ANDA Products. Defendants’ conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the ’673 Patent renders this case “exceptional” under 35 U.S.C. § 285.

53. Plaintiffs will be irreparably harmed if Defendants are not enjoined from infringing and from actively inducing or contributing to the infringement of the ’673 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Defendants, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT II
## DECLARATORY JUDGMENT OF INFRINGEMENT OF THE ’673 PATENT

54. Plaintiffs incorporate by reference paragraphs 1–53 as if fully set forth herein.

55. Plaintiffs’ claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

56. On information and belief, if the Amneal ANDA is approved, the ANDA Products will be made, offered for sale, sold, or otherwise distributed in the United States, by or through Defendants and their affiliates.

57. On information and belief, Defendants know that health care professionals or patients will use the ANDA Products in accordance with the labeling sought by the Amneal ANDA and Defendants will therefore contribute to the infringement of and/or induce the infringement of one or more claims of the ’673 Patent under one or more of 35 U.S.C. §§ 271(a), (b), (c), (f) and (g).

58. On information and belief, Defendants’ infringing activity, including the commercial manufacture, use, offer to sell, sale, or importation of the ANDA Products complained of herein will begin immediately after the FDA approves the Amneal ANDA. Any such conduct before the ’673 Patent expires will contribute to the infringement of and/or induce the infringement of one or more claims of the ’673 Patent under one or more of 35 U.S.C. §§ 271(a), (b), (c), (f) and (g).

59. As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Defendants concerning liability for the infringement of the ’673 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

60. Plaintiffs will be substantially and irreparably harmed by Defendants’ infringing activities unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

61. This case is exceptional, and Plaintiffs are entitled to an award of attorneys’ fees under 35 U.S.C. § 285.

**COUNT III**
**<u>INFRINGEMENT OF THE ’117 PATENT</u>**

62. Plaintiffs incorporate by reference paragraphs 1–61 as if fully set forth herein.

63. On information and belief, Defendants have submitted or caused the submission of the Amneal ANDA to the FDA and continue to seek FDA approval of the Amneal ANDA.

64. Defendants have infringed the ’117 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Amneal ANDA with a Paragraph IV certification and seeking FDA approval of the Amneal ANDA prior to the expiration of the ’117 Patent.

65. On information and belief, if the Amneal ANDA is approved, Defendants and their affiliates will make, offer for sale, sell, or otherwise distribute the ANDA Products in the United States, directly infringing the ’117 Patent.

66. On information and belief, upon FDA approval of the Amneal ANDA, Defendants will market and distribute the Amneal ANDA Products to resellers, pharmacies, health care professionals, and end users of the Amneal ANDA Products. Accompanying the Amneal ANDA Products, Defendants will also knowingly and intentionally include a product label and insert containing instructions for administering the Amneal ANDA Products. Accordingly, Defendants will induce physicians and other health care professionals, resellers, pharmacies, and end users of the Amneal ANDA Products to directly infringe one or more claims of the ’117 Patent. In addition, on information and belief, Defendants will encourage acts of direct infringement with knowledge of the ’117 Patent and knowledge that they are encouraging infringement.

67. Defendants’ commercial manufacture, use, offer for sale, sale, or importation into the United States of the ANDA Products would actively induce and/or contribute to infringement of the ’117 Patent. Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 214810, Defendants will make, use, offer to sell, or sell the ANDA Products within the United

States, or will import the ANDA Products into the United States, and will thereby contribute to the infringement of and/or induce the infringement of one or more claims of the ’117 Patent.

68. Defendants had actual knowledge of the ’117 Patent prior to filing the Amneal ANDA. Defendants filed the Amneal ANDA without a reasonable basis for asserting the ’117 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the ANDA Products. Defendants’ conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the ’117 Patent renders this case “exceptional” under 35 U.S.C. § 285.

69. Plaintiffs will be irreparably harmed if Defendants are not enjoined from infringing and from actively inducing or contributing to the infringement of the ’117 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Defendants, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**COUNT IV**
**DECLARATORY JUDGMENT OF INFRINGEMENT OF THE ’117 PATENT**

70. Plaintiffs incorporate by reference paragraphs 1–69 as if fully set forth herein.

71. Plaintiffs’ claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

72. On information and belief, if the Amneal ANDA is approved, the ANDA Products will be made, offered for sale, sold, or otherwise distributed in the United States, by or through Defendants and their affiliates.

73. On information and belief, Defendants know that health care professionals or patients will use the ANDA Products in accordance with the labeling sought by the Amneal ANDA and Defendants will therefore contribute to the infringement of and/or induce the infringement of

one or more claims of the ’117 Patent under one or more of 35 U.S.C. §§ 271(a), (b), (c), (f) and (g).

74. On information and belief, Defendants’ infringing activity, including the commercial manufacture, use, offer to sell, sale, or importation of the ANDA Products complained of herein will begin immediately after the FDA approves the Amneal ANDA. Any such conduct before the ’117 Patent expires will contribute to the infringement of and/or induce the infringement of one or more claims of the ’117 Patent under one or more of 35 U.S.C. §§ 271(a), (b), (c), (f) and (g).

75. As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Defendants concerning liability for the infringement of the ’117 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

76. Plaintiffs will be substantially and irreparably harmed by Defendants’ infringing activities unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

77. This case is exceptional, and Plaintiffs are entitled to an award of attorneys’ fees under 35 U.S.C. § 285.

**COUNT V**
**<u>INFRINGEMENT OF THE ’337 PATENT</u>**

78. Plaintiffs incorporate by reference paragraphs 1–77 as if fully set forth herein.

79. On information and belief, Defendants have submitted or caused the submission of the Amneal ANDA to the FDA and continue to seek FDA approval of the Amneal ANDA.

80. Defendants have infringed the ’337 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Amneal ANDA with a Paragraph IV certification and seeking FDA approval of the Amneal ANDA prior to the expiration of the ’337 Patent.

81. On information and belief, if the Amneal ANDA is approved, Defendants and their affiliates will make, offer for sale, sell, or otherwise distribute the ANDA Products in the United States, directly infringing the ’337 Patent.

82. On information and belief, upon FDA approval of the Amneal ANDA, Defendants will market and distribute the Amneal ANDA Products to resellers, pharmacies, health care professionals, and end users of the Amneal ANDA Products. Accompanying the Amneal ANDA Products, Defendants will also knowingly and intentionally include a product label and insert containing instructions for administering the Amneal ANDA Products. Accordingly, Defendants will induce physicians and other health care professionals, resellers, pharmacies, and end users of the Amneal ANDA Products to directly infringe one or more claims of the ’337 Patent. In addition, on information and belief, Defendants will encourage acts of direct infringement with knowledge of the ’337 Patent and knowledge that they are encouraging infringement.

83. Defendants’ commercial manufacture, use, offer for sale, sale, or importation into the United States of the ANDA Products would actively induce and/or contribute to infringement of the ’337 Patent. Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 214810, Defendants will make, use, offer to sell, or sell the ANDA Products within the United States, or will import the ANDA Products into the United States, and will thereby contribute to the infringement of and/or induce the infringement of one or more claims of the ’337 Patent.

84. Defendants had actual knowledge of the ’337 Patent prior to filing the Amneal ANDA. Defendants filed the Amneal ANDA without a reasonable basis for asserting the ’337

Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the ANDA Products. Defendants' conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '337 Patent renders this case "exceptional" under 35 U.S.C. § 285.

85. Plaintiffs will be irreparably harmed if Defendants are not enjoined from infringing and from actively inducing or contributing to the infringement of the '337 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Defendants, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT VI
## DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '337 PATENT

86. Plaintiffs incorporate by reference paragraphs 1–85 as if fully set forth herein.

87. Plaintiffs' claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

88. On information and belief, if the Amneal ANDA is approved, the ANDA Products will be made, offered for sale, sold, or otherwise distributed in the United States, by or through Defendants and their affiliates.

89. On information and belief, Defendants know that health care professionals or patients will use the ANDA Products in accordance with the labeling sought by the Amneal ANDA and Defendants will therefore contribute to the infringement of and/or induce the infringement of one or more claims of the '337 Patent under one or more of 35 U.S.C. §§ 271(a), (b), (c), (f) and (g).

90. On information and belief, Defendants' infringing activity, including the commercial manufacture, use, offer to sell, sale, or importation of the ANDA Products complained

of herein will begin immediately after the FDA approves the Amneal ANDA. Any such conduct before the ’337 Patent expires will contribute to the infringement of and/or induce the infringement of one or more claims of the ’337 Patent under one or more of 35 U.S.C. §§ 271(a), (b), (c), (f) and (g).

91. As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Defendants concerning liability for the infringement of the ’337 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

92. Plaintiffs will be substantially and irreparably harmed by Defendants’ infringing activities unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

93. This case is exceptional, and Plaintiffs are entitled to an award of attorneys’ fees under 35 U.S.C. § 285.

**COUNT VII**
**INFRINGEMENT OF THE ’073 PATENT**

94. Plaintiffs incorporate by reference paragraphs 1–93 as if fully set forth herein.

95. On information and belief, Defendants have submitted or caused the submission of the Amneal ANDA to the FDA and continue to seek FDA approval of the Amneal ANDA.

96. Defendants have infringed the ’073 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Amneal ANDA with a Paragraph IV certification and seeking FDA approval of the Amneal ANDA prior to the expiration of the ’073 Patent.

97. On information and belief, if the Amneal ANDA is approved, Defendants and their affiliates will make, offer for sale, sell, or otherwise distribute the ANDA Products in the United States, directly infringing the ’073 Patent.

98. On information and belief, upon FDA approval of the Amneal ANDA, Defendants will market and distribute the Amneal ANDA Products to resellers, pharmacies, health care professionals, and end users of the Amneal ANDA Products. Accompanying the Amneal ANDA Products, Defendants will also knowingly and intentionally include a product label and insert containing instructions for administering the Amneal ANDA Products. Accordingly, Defendants will induce physicians and other health care professionals, resellers, pharmacies, and end users of the Amneal ANDA Products to directly infringe one or more claims of the '073 Patent. In addition, on information and belief, Defendants will encourage acts of direct infringement with knowledge of the '073 Patent and knowledge that it is encouraging infringement.

99. Defendants' commercial manufacture, use, offer for sale, sale, or importation into the United States of the ANDA Products would actively induce and/or contribute to infringement of the '073 Patent. Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 214810, Defendants will make, use, offer to sell, or sell the ANDA Products within the United States, or will import the ANDA Products into the United States, and will thereby contribute to the infringement of and/or induce the infringement of one or more claims of the '073 Patent.

100. Defendants had actual knowledge of the '073 Patent prior to filing the Amneal ANDA. Defendants filed the Amneal ANDA without a reasonable basis for asserting the '073 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the ANDA Products. Defendants' conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '073 Patent renders this case "exceptional" under 35 U.S.C. § 285.

101. Plaintiffs will be irreparably harmed if Defendants are not enjoined from infringing and from actively inducing or contributing to the infringement of the '073 Patent. Plaintiffs do not

have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Defendants, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT VIII
## DECLARATORY JUDGMENT OF INFRINGEMENT OF THE ’073 PATENT

102. Plaintiffs incorporate by reference paragraphs 1–101 as if fully set forth herein.

103. Plaintiffs’ claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

104. On information and belief, if the Amneal ANDA is approved, the ANDA Products will be made, offered for sale, sold, or otherwise distributed in the United States, by or through Defendants and their affiliates.

105. On information and belief, Defendants know that health care professionals or patients will use the ANDA Products in accordance with the labeling sought by the Amneal ANDA and Defendants will therefore contribute to the infringement of and/or induce the infringement of one or more claims of the ’073 Patent under one or more of 35 U.S.C. §§ 271(a), (b), (c), (f) and (g).

106. On information and belief, Defendants’ infringing activity, including the commercial manufacture, use, offer to sell, sale, or importation of the ANDA Products complained of herein will begin immediately after the FDA approves the Amneal ANDA. Any such conduct before the ’073 Patent expires will contribute to the infringement of and/or induce the infringement of one or more claims of the ’073 Patent under one or more of 35 U.S.C. §§ 271(a), (b), (c), (f) and (g).

107. As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Defendants concerning liability for the infringement

of the ’073 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

108. Plaintiffs will be substantially and irreparably harmed by Defendants’ infringing activities unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

109. This case is exceptional, and Plaintiffs are entitled to an award of attorneys’ fees under 35 U.S.C. § 285.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

A. A judgment that Defendants have infringed the ’673, ’117, ’337, and ’073 Patents under 35 U.S.C. § 271(e)(2)(A);

B. A declaratory judgment that under one or more of 35 U.S.C. §§ 271(a), (b), (c), (f) and (g), Defendants’ commercial manufacture, use, offer for sale, or sale in, or importation into, the United States of the ANDA Products, or inducing or contributing to such conduct, would constitute infringement of one or more claims of the ’673, ’117, ’337, and ’073 Patents;

C. A permanent injunction, pursuant to 35 U.S.C. § 271(e)(4)(B), restraining and enjoining Defendants, their affiliates and subsidiaries, and all persons and entities acting in concert with Defendants from commercially manufacturing, using, offering for sale, or selling or importing any product that infringes the ’673, ’117, ’337, or ’073 Patents, including the ANDA Products described in ANDA No. 214810;

D. The entry of an order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any FDA approval of ANDA No. 214810 shall be no earlier than the expiration date of the ’673, ’117, ’337, and ’073 Patents, or any later expiration of exclusivity for the ’673, ’117, ’337, and ’073 Patents, including any extensions or regulatory exclusivities;

E. A declaration under 28 U.S.C. § 2201 that if Defendants, their officers, agents, servants, employees, licensees, representatives, and attorneys, and any other persons acting or attempting to act in active concert or participation with them or acting on their behalf, engage in the commercial manufacture, use, offer for sale, sale and/or importation of the product described in ANDA No. 214810, it will constitute an act of direct and/or indirect infringement of the ’673, ’117, ’337, and ’073 Patents;

F. An award of damages or other relief, pursuant to 35 U.S.C. § 271(e)(4)(C), if Defendants engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Products, or any product that infringes the ’673, ’117, ’337, and ’073 Patents, or induce or contribute to such conduct, prior to the expiration of the ’673, ’117, ’337, and ’073 Patents, or any later expiration of exclusivity for the ’673, ’117, ’337, and ’073 Patents, including any extensions or regulatory exclusivities;

G. The entry of judgment declaring that Defendants’ acts render this case an exceptional case, and awarding Plaintiffs their attorneys’ fees pursuant to 35 U.S.C. §§ 271(e)(4) and 285;

H. An award to Plaintiffs of their costs and expenses in this action; and

I. Such other and further relief as the Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jtigan@mnat.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Christopher Sipes
Jeffrey Elikan
Megan Keane
Jeremy Cobb
Laura Dolbow
Mary Swears
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
(202) 662-6000

August 28, 2020